IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

DOROTHY PERKINS,

    Plaintiff,

V.                                        CIVIL ACTION NO. 3:05-0887

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

## MEMORANDUM ORDER

        In this action, filed under the provisions of 42 U.S.C. §405(g), plaintiff seeks review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

        Plaintiff filed her application on December 30, 2003, alleging disability commencing April 24, 2003, as a consequence of asthma, nerves, arthritis, high blood pressure and back pain. On appeal from an initial and reconsidered denial, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

        At the time of the administrative decision, plaintiff was sixty-two years of age and had obtained a seventh grade education. Her past relevant employment experience consisted of work as a machine operator for a clothing manufacturer. In his decision, the administrative law judge

determined that plaintiff suffers from severe "asthma, organic mental disorder, anxiety and arthritis. . . ." Concluding that plaintiff retained the residual functional capacity for a limited range of light level work and that her past work as a machine operator was not precluded by these limitations, the administrative law judge found her not disabled.

Review of the record reveals deficiencies which will require remand for further proceedings. Plaintiff has been diagnosed with asthma, which is treated with inhalers but does flare up at times, although not severely enough that she has needed hospitalization. Exacerbations have been handled in conjunction with her treating physician, Dr. C. Dewayne Tackett, with medication changes and/or additions. Reports from this physician date back to March 1999 and reflect ongoing treatment for asthma since prior to that time. On April 13, 1999, plaintiff related feeling significantly better with the medication Singulair and told Dr. Tackett she was taking precautions at work by using a mask when she was around a lot of dust. At the hearing, she also testified she had tried to use a mask at work and that it had helped but was hot, implying that perhaps she may not have used it as often as she needed it.

During an examination on March 30, 2004, plaintiff related to Dr. Rodolfo Gobunsuy, the Commissioner's consultative examiner, that she got short of breath with exertion and exposure to cold, wintry air and hot, humid air. She related sleeping on three pillows and experiencing orthopnea.[1] Although exam revealed plaintiff had clear lungs, pulmonary function testing was interpreted as consistent with moderate chronic obstructive pulmonary disease and mild restrictive

---

[1] The inability to breathe satisfactorily or comfortably unless one is in an upright position, i.e., not lying down. Attorney's Dictionary of Medicine O-100 (2007).

pulmonary disease. Plaintiff apparently left the evaluation before post-broncodilation results could be obtained.

Other findings during this exam included soreness and mild creiptus in the knees with an inability to squat due to knee pain; tenderness in the thoracic and lumbar portions of the spine without range of motion restrictions; and, soreness in the finger joints, weakness in the hands, and a dry, red, scaly rash on the palms which affected plaintiff's ability to grip.

The administrative law judge found plaintiff's asthma to be a "severe" impairment. He indicated, in assessing residual functional capacity, that "significant weight" was given to the state agency medical consultant's opinion "which is consistent with a capacity for light work." This consultant assessed plaintiff as capable of light level work which did not require her to climb ladders, ropes or scaffolds or to more than occasionally climb stairs, balance, stoop, kneel, crouch or crawl. Additionally, it was this reviewer's opinion that plaintiff should avoid concentrated exposure to fumes, odors, dust, gases, poor ventilation, etc. Despite stating he gave significant weight to this assessment, the administrative law judge did not include in his residual functional capacity findings any limitation on exposure to pulmonary irritants, and he provided no reasoning for rejecting such a limitation, which is clearly established by the evidence. Though recognizing that resolution of conflicts in the evidence is a function of the Commissioner, not the courts, Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964), nevertheless, before this Court can conduct a reasoned review of his decision, the Commissioner must "explicitly indicate 'the weight given to all relevant evidence,'" articulating "the reasons underlying his actions... ." Murphy v. Bowen, 810 F.2d 433, 437 (4th Cir. 1987).

Though he found plaintiff able to perform her past work as an inspector, the administrative law judge also failed to address the issue of the environmental conditions present in that past work. In questioning the vocational expert, the administrative law judge did ask him to consider the effect of an environmental restriction such as that found by the state agency medical advisor. The vocational expert, who had testified that plaintiff's past work as she performed it was identical to the way it is performed in the national economy, except for the exertional level,[2] stated he would not regard the environmental limitation as applying to cutting/sewing plants such as the one where plaintiff previously worked because these plants "are relatively clean work environments." He stated he "just wouldn't expect" there would be cotton fibers[3] present. It appears this was more his opinion than a characteristic of the job from the Dictionary of Occupational Titles.

Plaintiff, on the other hand, testified that her work environment was full of fiber dust. This would appear to be supported by her testimony and by the reports from Dr. Tackett, who indicated that she had tried to use a mask while working to keep from breathing in dust. The administrative law judge did not follow up on these statements by plaintiff, either with her or with the vocational expert. He also did not address this issue in his decision. Plaintiff's testimony appears to dispute the vocational expert's opinion and raises additional questions about the requirements of her past work and whether she could, in fact, perform it. Resolution of this issue is crucial since, if plaintiff is not able to perform her past work, Rule 202.02 of the medical-vocational guidelines would dictate she be found disabled. Since the administrative law judge did

---

[2] As she performed it, her inspector position was medium level, instead of how it is described in the Dictionary of Occupational Titles, which is at the light level.

[3] Though he actually used the word "fabrics," it appears he may have meant cotton fibers which could be inhaled and cause respiratory problems.

not examine these issues further, the Court cannot determine whether his decision is supported by substantial evidence. It is thus concluded that remand is necessary to evaluate residual functional capacity and ability to perform past work in more detail to insure the Commissioner reaches an accurate conclusion. On remand, the parties should be permitted to submit additional, relevant evidence.

On the basis of the foregoing, it is **ORDERED** that this case be remanded to the Commissioner for further proceedings consistent with this Memorandum Order. All matters in this case being concluded, it is **ORDERED** dismissed and retired from the Court's docket.

The Clerk is directed to transmit a copy of this Memorandum Order to all counsel of record.

ENTER: November 28, 2007

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE